IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONI GIORDANO<br>43 Galicia Drive<br>Phoenixville, PA 19460<br>      Plaintiff | CIVIL ACTION<br><br>No.: |
| v. | JURY TRIAL DEMANDED |
| AMERICAN AIRLINES, INC.<br>C/O CT CORPORATION SYSTEMS<br>Two Commerce Square<br>2001 Market Street, 5th Floor<br>Philadelphia, PA 19103<br>      Defendant | |

## Complaint

1. Plaintiff, Toni Giordano ("Ms. Giordano"), is a citizen of the Commonwealth of Pennsylvania, domiciled therein at 43 Galicia Drive, Phoenixville, PA 19460.

2. Defendant, American Airlines, Inc. ("American Airlines"), is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located in the State of Texas.

3. This Court has subject matter jurisdiction for this litigation based upon diversity of citizenship with the amount in controversy being in excess of $75,000, in accordance with 28 U.S.C. § 1332.

4. American Airlines is registered as a Foreign Business Corporation to do business in the Commonwealth of Pennsylvania, with a registered address c/o CT Corporation Systems in Philadelphia.

5. Under the Pennsylvania long-arm statute, 42 Pa. C.S. § 5301, qualification to do business under the laws of Pennsylvania "shall constitute a sufficient basis for jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction" over such a foreign corporation.[1]

6. By registering to do business in Pennsylvania, this Court may constitutionally exercise *in personam* jurisdiction over defendant American Airlines.[2]

---

[1] 42 Pa. C.S. § 5301(a)(2).

[2] Bane v. Netlink, Inc., 925 F.2d 637, 640-41 (3d Cir. 1991); Bors v. Johnson & Johnson, 208 F. Supp. 3d 648 (ED PA 2016); Hegna v. Smitty's Supply, Inc., 2017 WL 2563231 (E.D. Pa. 2017).

7. All the acts alleged herein to have been done, or not to have been done, by American Airlines were done, or not done, by and through its employees, agents, ostensible agents, servants, and/or workmen, all of whom were acting in the course and scope of their employment, agency, and/or ostensible agency with and on behalf of American Airlines.

8. At all times, American Airlines was operating as a common carrier commercial airline, with international and domestic flights throughout the world, including flights in to and out of the Philadelphia International Airport.

9. At all times, American Airlines maintained an office at the Philadelphia International Airport, 8500 Essington Avenue, Suite A1, Philadelphia, PA 19153.

10. On November 9, 2019, having purchased a ticket from American Airlines for a flight from Philadelphia to Boston (believed to be #AA2395), Ms. Giordano boarded the American Airlines plane at Philadelphia International Airport, sat in her assigned seat (4B), and flew to Boston, where the flight landed at Logan International Airport between 5:00 p.m. and 5:30 p.m.

11. At all times while onboard the American Airlines plane, Ms. Giordano was a business invitee pursuant to a contract for carriage with American Airlines.

12. At all times, American Airlines was a common carrier and so had a duty to exercise the highest degree of care, foresight, and diligence reasonably demanded at any time by the conditions and circumstances affecting the passengers during the contract of carriage.

13. On reaching the designated gate at Logan International Airport, the pilot turned off the seatbelt sign and passengers and American Airlines personnel began removing luggage from the overhead compartments in the cabin.

14. At the time averred in paragraph 13 above, an American Airlines flight attendant, possibly Pablo Strauss, was assisting an elderly female passenger in removing her hard-shell style suitcase from the overhead compartment above Ms. Giordano's seat.

15. While removing the suitcase, Defendant's flight attendant dropped that hard-shell suitcase on Ms. Giordano's head and right arm, causing the injuries described below.

16. Following the injury, EMS personnel entered the plane to attend to Ms. Giordano, who declined an ambulance and proceeded to her hotel.

17. The following day, Ms. Giordano presented to AFC Urgent Care in Saugus, Massachusetts, where she was diagnosed with a concussion.

18. The incident described herein, and injuries sustained by Ms. Giordano as a result, were in no manner due to any act or failure to act of Ms. Giordano.

19. The harms and losses sustained by Ms. Giordano were caused by the negligence and carelessness of American Airlines, its agent, ostensible agent, and/or employee:

    (a) by hurrying to remove a suitcase without allocating appropriate attention to the task;

    (b) by the incautious manner in which the suitcase was removed;

    (c) by gripping the suitcase carelessly and/or attempting to move the suitcase as though it was a light bag, not a heavy carry-on;

    (d) by attempting to move and lift a suitcase too heavy for him alone to handle safely without assistance;

    (e) by trying to lift and remove the suitcase from the overhead compartment while inadequately grasping the suitcase;

    (f) by failing to warn Ms. Giordano of what he was doing and/or remain clear of the area immediately below the overhead compartment holding this suitcase;

    (g) by permitting passengers who are physically incapable of safely maneuvering, lifting, and storing heavy suitcases to carry on such baggage and not check such bags or in not having sufficient numbers of able-bodied personnel present to assist those passengers in removing such baggage from overhead compartments; and,

    (h) by allowing the elderly female, who was obviously incapable of safely removing the suitcase, to participate in doing so.

20. Solely by reason of the above careless and negligent conduct, Ms. Giordano sustained injuries, including:

    (a) a closed head injury;

    (b) a concussion;

    (c) cognitive impairment;

    (d) short term memory loss;

    (e) executive processing impairment;

 (f) light and noise sensitivity;

 (g) headaches;

 (h) equilibrium issues;

 (i) injury to the muscles, ligaments, and connective tissues of the cervical spine that impacted movement and resulted in spasm, paraspinal injury, and pain;

 (j) mild neck spasm;

 (k) a right parietal scalp hematoma; and,

 (l) right arm injury.

21. These injuries, some or all of which are of a serious and permanent nature, have caused, and will likely continue to cause, Ms. Giordano physical pain.

22. The injuries prevented, and may in the future prevent, Ms. Giordano from attending to her daily occupation, activities, and pleasures, to her detriment and loss.

23. As a further result of these injuries, Ms. Giordano was obliged to receive and undergo medical attention and care, and incurred various expenses in her effort to treat, cure, and rehabilitate herself from these injuries, and may be obliged to continue to expend sums or incur expenditures for an indefinite period of time in the future, to her financial detriment and loss.

24. As a further result of these injuries, Ms. Giordano suffered a loss of earnings and a reduction of her earning capacity, to her financial detriment and loss.

25. As a further result of these injuries, Ms. Giordano suffered physical pain, mental anguish, humiliation, and loss of enjoyment of life and life's pleasures, which Ms. Giordano may continue to suffer in the future.

 **WHEREFORE**, Plaintiff, Toni Giordano, demands judgment in her favor and against the Defendant, American Airlines, Inc., in an amount in excess of the jurisdictional limit for arbitration in the Eastern District of Pennsylvania, plus interest and costs.

THE LAW OFFICE OF ANDREW P. MOTEL, LLC

Date: 11/04/2021

By: _____
Andrew P. Motel, Esquire
Attorney ID #54390
330 North High Street

West Chester, PA 19380

(610) 431-3200 (telephone)
(610) 431-2612 (facsimile)
amotel@andrewmotellaw.com